Cobb v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-94-286-CR

     DALE COBB,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 932500 CR2 
                                                                                                    

MEMORANDUM OPINION
                                                                                                    

      A jury found Dale Cobb guilty of telephone harassment and assessed punishment of a $100
fine, probated for 180 days. See Tex. Penal Code Ann. § 42.07(a)(2) (Vernon 1994). Although
he appealed from the court's judgment sentencing him to the assessed punishment, he filed a
motion to dismiss his appeal on February 28, 1995. In relevant portion, Rule 59 of the Texas
Rules of Appellate Procedure states:
(b) Criminal Cases. The appeal may be dismissed if the appellant withdraws his notice
of appeal at any time prior to the decision of the appellate court. The withdrawal shall
be in writing signed by the appellant and his counsel and filed in duplicate with the clerk
of the court of appeals in which the appeal is pending . . . . Notice of the dismissal shall
be sent to the clerk of the trial court in which notice of appeal was filed. 
Tex. R. App. P. 59(b).
      Although Cobb's motion does not specifically withdraw his notice of appeal, we will construe
and treat the motion as such a request. We have not issued a decision in his appeal. The motion
is signed personally by Cobb and by his attorney. He has filed the motion in duplicate, as
required. Thus, the motion is granted.
      Cobb's appeal is dismissed.
                                                                               PER CURIAM

Before Chief Justice Thomas,
      Justice Cummings, and
      Justice Vance
Dismissed on appellant's motion
Opinion delivered and filed March 15, 1995
Do not publish



n objection. See Montgomery v. State, 810 S.W.2d 372, 388 (Tex.
Crim. App. 1991) (on rehearing) ("Further objection based upon Rule 403 is now required."). 
Third, we review rulings of the trial court,


 and the court made no attempt to balance the probative
value of the testimony against the danger of unfair prejudice, confusion of the issues, or any other
factor listed in Rule 403. Tex. R. Crim. Evid. 403. Fourth, the matter was barely mentioned
in the State's brief on original submission. In fact, the entire presentation of the Rule 403
argument is contained in seven lines at page 14 of the State's Brief and includes no analysis.
          We might have considered the provisions of Rule 403 in conducting the harm analysis. 
We determined that the court erred in failing to allow relevant evidence of prior sexual activity
of the prosecutrix, then determined that the error had harmed Johnson because the erroneous
ruling denied him evidence of a statutory defense provided by the legislature. Johnson, 933
S.W.2d at 203. Had we inserted a Rule 403 factor into the harm equation, we would have reached
the same result, i.e., that exclusion of the evidence required reversal because of the absence of the
defensive theory from the jury's deliberations. Harris v. State, 790 S.W.2d 568, 587-88 (Tex.
Crim. App. 1989); Tex. R. App. P. 81(b)(2). Applying the factors set out in Montgomery to our
harm analysis, we find initially that the "approach under Rule 403 is to admit relevant evidence
unless the probative value of that relevant evidence is substantially outweighed by the danger of
unfair prejudice . . . ." Montgomery, 810 S.W.2d at 389. Johnson's need for the testimony to
raise the defense of promiscuity was great—no other evidence of promiscuity is in the record. The
State has not demonstrated how the testimony is unfairly prejudicial to it, particularly in light of
the fact that the defense to which the testimony was relevant was a statutory defense. Indeed, the
State did not argue that the testimony was "unfairly prejudicial," as stated in the Rule; only that
it was "prejudicial." Additionally, the rule requires that the unfair prejudice substantially
outweigh the probative value of the proffered testimony. Tex. R. Crim. Evid. 403. For these
reasons, we would have reached the same conclusion about harm, had we considered a properly
presented Rule 403 argument.
          Finally, the State argues that the defense of promiscuity is not consistent with Johnson's
theory of the case, as demonstrated by his testimony that he "was elsewhere in the school
building." We review a trial court's evidentiary rulings as of the time that the court made the
ruling. The court excluded testimony about the prosecutrix' prior sexual activity during the State's
case-in-chief. Johnson had not elected to testify as of that point in time. Further, we allow
defendants to submit defensive theories alternatively.
          With these additional comments, we reaffirm our original position that the judgment in this
case be reversed and a new trial ordered.
 
                                                                                 BILL VANCE
                                                                                 Justice

Before Chief Justice Davis,
          Justice Cummings, and
          Justice Vance
          (Justice Cummings dissents without further opinion)
Opinion delivered and filed February 5, 1997
Publish